# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| ELIZABETH M. HOWELL, ) | Civil Action No.: |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | **Violation of Title VII: Discrimination** |
| vs. ) | **Based on Gender; Violation of the FMLA:** |
| ) | **Retaliation; Defamation (Libel)** |
| MAGIC LABS, INC. ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |
| _____ ) | |

The plaintiff, complaining of the acts of the defendant, alleges as follows:

## PARTIES AND JURISDICTION

1. That the plaintiff is a resident and citizen of the County of Horry, State of South Carolina.

2. That, upon information and belief, the defendant Magic Labs, Inc. ("defendant" or "Magic Labs") is a foreign corporation maintaining offices and agents and otherwise doing business in the County of Horry, State of South Carolina.

3. That this court has federal question jurisdiction of the above-styled action pursuant to 42 U.S.C. § 2000e-2, 3 and 5 (The Civil Rights Act of 1964 or "Title VII") and 28 U.S.C. § 1331.

4. That venue for all causes of action stated herein lies in the District of South Carolina, Florence Division, as defendant does business and plaintiff resides in this district, and a substantial part of the events giving rise to plaintiff's claims occurred here.

1

## CONDITIONS PRECEDENT

5. That plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of the foregoing action, all of which are more fully described below. Moreover, defendant employed over fifteen (15) or more employees at all relevant times as defined and required by Title VII; thus, defendant is an employer as defined by that Act and is otherwise subject to and covered by said Act.

6. That on or about June 29, 2023, and as a result of defendant's discriminatory conduct, all of which is more fully described below, plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon gender under Title VII.

7. That on or about March 26, 2024 plaintiff received a Notice of Right to Sue from the EEOC regarding the complaint described in Paragraph 6 above.

8. That plaintiff has timely filed the foregoing action within ninety (90) days of the date on which she received the Notice of Right to Sue described above in Paragraph 8.

## FACTUAL ALLEGATIONS

9. That plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 8 hereinabove as fully as if set forth verbatim.

10. That plaintiff is female.

11. That on or about June 14, 2021 defendant hired plaintiff as a Customer Success Engineer. While the company is headquartered out of California, plaintiff worked remotely from her home in Little River, South Carolina.

12. That in or around March of 2022, Magic Labs assigned and promoted plaintiff into the position of interim Customer Success Lead. In or around June or July of 2022

(about a year after plaintiff was hired) defendant promoted plaintiff into the position of Engineering Manager, Customer Success – a supervisory position that still had plaintiff reporting solely to the same supervisor, and a position that still had plaintiff working remotely from her home in South Carolina.

13. That plaintiff performed her job duties at defendant in an above-average fashion and otherwise maintained an excellent work record there. Plaintiff always received positive or satisfactory performance evaluations while employed at defendant; she also always met her metrics (or OKR's); management verbally praised plaintiff's job performance; she was promoted into a management position within a year of hiring and given a raise; and, plaintiff was never disciplined in any shape or form the entire time she was employed at the company.

14. That in addition to the above, the customers who turned in their customer feedback surveys always gave plaintiff and her team top scores (10 out of 10) on the surveys. And, at her last evaluation in January of 2023, one of the company owners advised plaintiff that her direct reports were pleased with her leadership and that she was a strong communicator.

15. That Magic Labs is a male-dominated company.

16. That in or around November or December of 2022 defendant assigned one of its male vice presidents to be plaintiff's direct supervisor.

17. That the said male vice president began to treat plaintiff less favorably than he treated male employees.

18. That as the end of the year approached plaintiff had been experiencing fairly severe tooth pain. Ultimately, plaintiff's dentist advised plaintiff that she would have to have three procedures involving the removal of three of her teeth and bone grafts. In or around December of 2022 plaintiff was able to schedule her first of the three (3) dental procedures for

January 10, 2023. The procedure would take plaintiff out of work for three days – January 10-13, 2023.

19. That plaintiff immediately told the defendant about her dental procedures. She also told them the first procedure would be in January of 2023 and that she would need to miss three (3) days of work for it. She further advised the defendant that she would need to undergo two (2) more such procedures.

20. That on or about December 28, 2022, plaintiff requested medical leave, via the defendant's Human Resources software, for the three (3) days in January 2023 identified above. Shortly thereafter plaintiff was advised that her request for the three (3) days of medical leave had been approved by the defendant.

21. That on or about January 4, 2023, the defendant gave plaintiff her annual performance evaluation. Overall the evaluation was a positive one.

22. That then, five (5) days later (on or about January 9, 2023), one (1) day before plaintiff's scheduled dental procedure, and approximately ten (10) days after plaintiff engaged in protected activity, defendant fired plaintiff without warning, notice, cause, or prior discipline and for false reasons or reasons that were unworthy of credence.

23. That after defendant terminated plaintiff, defendant sent a memo to all employees at the company announcing plaintiff's termination. In doing do, defendant falsely stated in the said memo that plaintiff lacked the requisite experience to perform her job; that plaintiff's performance was so bad that it could not be fixed or changed by coaching or training; and that plaintiff had been fired because of the alleged poor performance. The memo also implied and suggested that plaintiff was a poor performer who lacked the ability to carry on in her given trade.

24. That also after defendant terminated plaintiff, it assigned male employees to perform the duties of plaintiff's job and ultimately hired a male employee to replace plaintiff.

## FOR A FIRST CAUSE OF ACTION
## DISCRIMINATION BASED ON GENDER
## 42 U.S.C. §2000e(2), (5)
## TERMINATION/LIBEL

25. That plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 24 hereinabove as fully as if set forth verbatim.

26. That plaintiff is female.

27. That at all times referred to herein plaintiff performed her job duties at defendant in a manner that met the defendant's legitimate and reasonable expectations.

28. That despite the above, plaintiff was treated less favorably than the male employees at defendant and was fired without warning, notice or cause and for false reasons or reasons not worthy of credence.

29. That after plaintiff's termination defendant assigned male employees to perform the duties of her job and ultimately hired a male to replace plaintiff.

30. That moreover, after plaintiff's termination, defendant defamed plaintiff by sending a memo to all of its employees stating that plaintiff lacked the experience to perform her job; that her performance was so poor it could not be fixed with coaching or training; and it falsely suggested or implied that plaintiff was a poor performer; and that she lacked the ability to perform the duties of her given job or trade. The memo further falsely stated plaintiff was fired for her alleged poor performance.

31. That as such, defendant fired plaintiff and defamed her because of her gender (female), all of which is in violation of The Civil Rights Act of 1963 (Title VII).

32. That as a result of defendant's actions as set forth above, plaintiff has been damaged in the form of lost back and future wages, income and benefits, expenses associated

with finding other work, severe psychological harm, emotional distress, pain and suffering, loss of enjoyment of life, anxiety, depression, inconvenience, mental anguish, embarrassment, humiliation, loss of professional standing, character and reputation, physical and personal injuries and illness and plaintiff further seeks her reasonable attorney's fees and costs and prejudgment interest.

33. That the defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously, knowingly, and with utter disregard for the federally protected rights of the plaintiff, and therefore plaintiff is entitled to recover punitive damages from the defendant.

**FOR A SECOND CAUSE OF ACTION:**
**VIOLATION OF THE FMLA**
**(29 U.S.C. §§ 2601-2654)**
**RETALIATION/LIBEL**

34. That plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 33 hereinabove as fully as if set forth verbatim.

35. That pursuant to the FMLA, plaintiff had been employed with defendant for over 12 months, had provided over 1,250 hours of service to defendant during the 12 months prior to the time she requested leave and/or prior to the time her leave was scheduled to begin, and was otherwise employed at a work site where 50 or more employees are employed by defendant within 75 miles of the work site.

36. That defendant is engaged in commerce and/or an industry or activity affecting commerce, and employs 50 or more employees each working day during each of 20 or more work weeks in the current or preceding calendar year.

37. That as such, plaintiff is a covered employee and defendant is a covered employer as defined by the FMLA.

38. That plaintiff was suffering from a serious health condition as defined by the FMLA, as her illnesses and impairments had her out of work for more than three (3) days and included the prescription of several medications to plaintiff as well as several visits to her healthcare provider.

39. That in or around December of 2023 plaintiff told defendant about her oral impairments and that she would have to have three (3) separate procedures; that the first procedure would be in January of 2023; and that she would have to miss three (3) days of work for the first procedure (as well as for the two (2) remaining procedures). On or about December 28, 2022 plaintiff requested that she be permitted to take three (3) days of medical leave (January 10-13, 2023) to have her first oral surgery, and thereby engaged in protected activity under the FMLA.

40. That defendant fired plaintiff without warning, notice or cause approximately ten (10) days after plaintiff engaged in said protected activity and just one (1) day before the procedure was to take place. Thus, a causal connection exists between the plaintiff's protected activity and termination.

41. That based upon the above, defendant violated the FMLA by retaliating against plaintiff in the following ways: by terminating plaintiff and defaming her as set forth above, all because plaintiff exercised her rights under the FMLA in requesting and scheduling FMLA leave.

42. That as a result of the defendant's actions as set forth above, plaintiff has suffered damages in the form of lost back and future wages, income and benefits, medical bills, expenses associated with finding other work, economic injury, attorney's fees and costs, and prejudgment interest.

43. That moreover, defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, knowingly and with reckless indifference to plaintiff's federally protected rights and, therefore, plaintiff is entitled to recover liquidated damages from defendant.

**FOR A THIRD CAUSE OF ACTION:**
**DEFAMATION/LIBEL**

44. That plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 43 hereinabove as fully as if set forth verbatim.

45. That defendant published false and defamatory statements about the plaintiff to all of its employees, none of which had a need or privilege to know, by sending them a memo or email which stated that plaintiff lacked the experience to perform the duties of her job; that her performance was so bad it could not be fixed by coaching or training; and that plaintiff was fired for those reasons. It further suggested and implied that plaintiff was a poor performer and that she lacked the ability to perform the duties of her given job or trade.

46. That all of the statements or publications referred to above concerned the plaintiff, are false, and were made by defendant without justification, without privilege and with implied and actual malice.

47. That the statements referred to above are actionable per-se, in that they allege plaintiff is unfit to carry on in her given trade and profession.

48. That defendant's publications as outlined above had a defamatory and slanderous meaning, impeached the honesty and integrity of the plaintiff and thereby exposed her to public hatred, contempt, ridicule, and caused her to be shunned and avoided and to suffer loss to her reputation, embarrassment, humiliation, emotional distress, pain and suffering, and loss of enjoyment of life.

49. That defendant's actions as outlined above resulted in special, general and presumed damages to the plaintiff.

50. That as a direct result of defendant's conduct as set forth above, plaintiff has suffered damages in the form of loss to reputation, lost back and future wages, income and benefits, costs associated with finding other work, psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss to professional standing, character and reputation, embarrassment, humiliation, physical and personal injuries and illness, and prejudgment interest.

51. That defendant's conduct as described above was undertaken by defendant intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the protected rights of the plaintiff and, therefore, plaintiff is entitled to recover punitive damages from the defendant.

WHEREFORE, plaintiff prays for the following relief against defendant:

(a)     As to plaintiff's First Cause of Action (under Title VII) plaintiff prays for the following relief against defendant: for such amount of actual and special damages as the trier of fact may find, (including lost back and future wages, income and benefits, expenses associated with finding other work, medical bills, severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to reputation, loss to professional standing, character and reputation, and physical and personal injuries and illness), punitive damages, the costs and disbursements of this action, including her reasonable attorney's fees, prejudgment interest and for such other and further relief as the court deems just and proper;

(b)     As to plaintiff's Second Cause of Action (under the FMLA), plaintiff prays for such an amount of actual and special damages as the trier of fact may find (including lost

9

back and future wages, income and benefits, medical bills, expenses associated with finding other work, and other economic injuries), liquidated damages, prejudgment interest, the costs and disbursements of this action, including plaintiff's reasonable attorney's fees, and for such other and further relief as the court deems reasonable, just and proper and

        (c)     As to plaintiff's Third Cause of Action (defamation/libel), for such amount of actual and special damages as the trier of fact may find, (including loss to reputation, lost back and future wages, income and benefits, expenses associated with finding other work, severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and physical and personal injuries and illness), punitive damages, the costs and disbursements of this action, prejudgment interest and for such other and further relief as the court deems just and proper.

                                 HITCHCOCK & POTTS

                                 By: *s/A. Christopher Potts*
                                 Federal ID No.:  5517
                                 222 West Coleman Blvd., Suite 124 #11
                                 Mt. Pleasant, SC 29464
                                 Telephone:  (843) 577-5000
                                 Email:  cpotts@hitchcock-potts.com
                                 ***Attorneys for the Plaintiff***

Charleston, South Carolina
June 21, 2024